**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION**

| | | |
|---|---|---|
| **MICHAEL GENE WILLIAMS,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| v. | § | Civil Action No. 7:12-CV-064-O-BL |
| | § | |
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Defendant.** | § | Assigned to U.S. Magistrate Judge |

## REPORT AND RECOMMENDATION

Before the court is a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 filed by Michael Williams (Williams or Movant). The District Judge referred the case to this court for pretrial management and recommendation. (Doc. 3). This court recommends the instant Motion be denied.

## BACKGROUND

On October 7, 2009, Williams was indicted on a three-count indictment charging a violation of 18 U.S.C. § 922(g)(1) (felon in possession of a firearm), 21 U.S.C. § 841(a)(1)(b)(1)(B) (possession of cocaine base (crack cocaine) with the intent to distribute), and 18 U.S.C. § 924(c)(1)(A) (possession of a firearm in furtherance of a drug-trafficking crime). See *United States v. Willaims*, No. 7:09-CR-036-O-KA (N.D. Tex June 18, 2010) (Doc. 1 – Indictment). On November 3, 2009, Williams entered into a plea agreement admitting the charges in the indictment, and on June 18, 2010, was sentenced to 327 months in the custody of the Federal Bureau of Prisons. *Id.* (Doc. 26 – Final Judgment). Williams filed a hand-written notice of appeal asserting ineffective assistance of counsel. *Id.* (Doc. 27). Williams's court-appointed attorney

failed to pursue Williams's appeal, however, and was sanctioned by the Fifth Circuit Court of Appeals. *Id.* (Doc. 32). The Fifth Circuit, aside from ordering the correction of a clerical error, affirmed Williams's conviction and sentence on January 19, 2012. *United States v. Williams*, 455 F.App'x 468 (5th Cir. 2011) (unpublished) (*per curiam*). On April 17, 2012, Williams filed the instant Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, asserting ineffective assistance of counsel at the district court level. (Doc. 2).

## DISCUSSION

"There are four grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is 'otherwise subject to collateral attack.'" *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996) (citing 28 U.S.C. § 2255). A claim of ineffective assistance of counsel is a claim of constitutional dimension, properly raised under § 2255. *Massaro v. United States*, 538 U.S. 500 (2003). Ineffective assistance claims are subject to the two-prong test established in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A defendant "must show both (1) that his counsel's performance was deficient, and (2) prejudice." *United States v. Kayode*, 777 F.3d 719, 723 (5th Cir. 2014). Deficient performance is representation that falls below an objective standard of reasonableness, including making "errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* (quoting *Strickland*, 466 U.S. at 687). In the plea context, to demonstrate prejudice, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Although Williams lists four grounds for relief, the first three grounds assert this court lacks subject matter jurisdiction over counts one and three of his indictment: felony possession of a firearm under 18 U.S.C. § 922(g)(1) and possession of a firearm in furtherance of a drug-trafficking crime under 18 U.S.C. § 924(c)(1)(A). Accordingly the court considers Williams's first three grounds for relief by statute below.

## 18 U.S.C. § 922

18 U.S.C. § 922 reads, in relevant part:

> It shall be unlawful for any person—
> (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g)(1).

Williams seems to separate § 922(g)(1) into two parts; a division at the semicolon. He distinguishes "possess" and "receive." He refers to these as separate commerce offenses. (Doc. 2, p. 16). He states the "receive" offense clearly implicates the commerce clause. But the "possess" offense does not, according to *United States v. Bass*, 404 U.S. 336 (1971). Williams claims his "offense of conviction [of possession] neither regulates a commercial activity, nor does the charge contain a requirement that the possession was in any way connected to interstate or foreign commerce, as determined and required by *Bass*." (Doc. 2, p. 14).

The court notes Williams appears to be claiming one of two things: either he is claiming the government did not show a commerce clause nexus to the possession charge under § 922(g)(1) in his particular case, or he is claiming § 922(g)(1) itself is unconstitutional and Congress has no authority under the commerce clause to proscribe possession of a firearm by a convicted felon. In either case, Williams's motion must fail.

In *Bass*, the Supreme Court examined a predecessor to § 922, 18 U.S.C. § 1202(a)(1), which stated: "Any person who—(1) has been convicted by a court of the United States or of a State or any political subdivision thereof of a felony . . . and who receives, possesses, or transports in commerce or affecting commerce . . . any firearm shall be fined not more than $10,000 or imprisoned for not more than two years, or both." *Id.* at 337 (internal quotation marks omitted) (quoting 18 U.S.C. § 1202(a)(1)). The government at the district court level there "proceeded on the assumption that § 1202(a)(1) banned all possessions and receipts of firearms by convicted felons, and that no connection with interstate commerce had to be demonstrated in individual cases." *Id.* at 338. The question presented was whether the phrase "in commerce or affecting commerce" applied to "possesses" and "receives" as well as to "transports." Answering in the affirmative, the Court held that the government must show a nexus with interstate commerce when it charges a convicted felon of possession or receipt of a firearm under § 1202. *Id.* at 347.

The government in the instant case concedes that like § 1202(a)(1), § 922(g)(1) "requires possession to be in or affecting commerce. This makes a commerce nexus an element of the offense." Def.'s Br. 8. However, this is an element that Williams was apprised of and conceded early in the proceedings of his case. *See Willaims*, No. 7:09-CR-036-O-KA (Doc. 11 – Factual Resume, pp. 1, 5); (Doc. 36 – Rearraignment, pp. 13–14, 24–25). Williams may not maintain that the government failed to establish an element that he himself conceded.

What Williams appears to be asserting before the court, then, is that § 922 itself is unconstitutional, *i.e.*, that he admitted the statutory elements, but Congress has no authority under the commerce clause to proscribe the possession of a firearm by a convicted felon. *See* Def.'s Br.8 ("Williams's claim, although framed as a jurisdictional argument, is really a

challenge to congress's authority to proscribe the offense in section 922(g)(1)."). Simply put, as a challenge to the constitutionality of § 922(g)(1) itself, Williams's suit must fail. The constitutionality of 18 U.S.C. § 922 is well established. *See, e.g.*, *United States v. Rawls*, 85 F.3d 240 (5th Cir. 1996); *United States v. Wallace*, 889 F.2d 580 (5th Cir. 1989), *cert. denied* 479 U.S. 1006 (1990).

Attempts by Williams's attorney to challenge the constitutionality of such would have been frivolous. Williams demonstrates neither deficient performance by his counsel in failing to challenge the constitutionality of a statute whose propriety is well established, nor has he shown prejudice. *Kayode*, 777 F.3d at 723. Williams points to no "errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment"; indeed, Williams shows no errors by his counsel relating to § 922(g)(1). *Id.* (quoting *Strickland*, 466 U.S. at 687). This court cannot find that Williams suffered from ineffective assistance of counsel as he alleged in grounds one and two of the instant motion.

## 18 U.S.C. § 924

Williams's arguments as to § 924 are similar to his § 922 arguments discussed above. Williams alleges his counsel was ineffective by "failing to investigate the required elements for charging a statutory violation against § 924(c)(1)(A) . . . necessary to invoke the federal court's interstate commerce jurisdiction." (Doc. 2, p. 22).

18 U.S.C. § 924 provides in relevant part:

> Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime—

>    (i) be sentenced to a term of imprisonment of not less than 5 years;
>    (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and
>    (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

18 U.S.C. § 924(c)(1)(A).

Relying again on *Bass*, as well as *Bailey v. United States*, 516 U.S. 137 (1995), Williams alleges that because the government never showed he "actively employed" the firearm, the government failed to establish he "possessed" a firearm, so the court lacked subject matter jurisdiction to convict him and his counsel was deficient for not asserting such. (Doc. 2, pp. 23–26).

From the off, clarifications must be made. Count three of the indictment, to which Williams pled, reads in pertinent part: "Michael Gene Williams did knowingly possess [a firearm] in furtherance of a drug-trafficking crime . . . ." *Williams*, No. 7:09-CR-036-O-KA (Doc. 1 – Indictment). That is, it was not the government's contention that Williams "used" or "carried" the firearm, as may be alleged under § 924(c)(1)(A). Therefore, Williams's claim of error based on the government's failure to show he "used" the firearm is completely misplaced. (*See* Doc. 2, p. 23) (claiming the government failed to show "active involvement").

Also misplaced is Williams's contention that the term "possesses" as used in § 924(c)(1)(A) equates to "active employment," a contention for which Williams can cite no support. (*See* Doc. 2, p. 23–24). The Supreme Court has made clear that "active employment" applies to the "use" language § 924, which, again, is not at issue in Williams's case. *See, e.g.*, *Bailey*, 516 U.S. at 137; *Watson v. United States*, 552 U.S. 74 (2007); *Smith v. United States*, 508 U.S. 223 (1993). *Bailey* concerned a prior version of § 924, which imposed penalties on any person who "uses or carries a firearm during and in relation to" a drug trafficking crime. *See*

*Bailey*, 516 U.S. at 138. At issue in *Bailey* was the meaning of "uses." The Court held that "use" implied some "active employment" of the firearm, not just its presence or possession at the scene. *Id.* at 146. The former version of § 924 included a "possesses" provision, like current § 924, but that was not the focus of the *Bailey* court. Williams's reliance on *Bailey*, then, is misplaced considering the government did not indict him on a count of "using" a firearm under § 924.

As noted, *Bass* stands for the proposition that the phrase "in commerce or affecting commerce" in the predecessor statute to 18 U.S.C. § 922(g)(1) applies to "possesses" and "receives" as well as to "transports," meaning the government must show a nexus with interstate commerce when it charges a convicted felon of possession or receipt of a firearm. *Bass*, 404 U.S. at 347. Williams can show no reason *Bass* has any bearing on current § 924(c)(1)(A). Williams's reliance on *Bass* in this context is misplaced.

It is plain, then, that *Bailey* and *Bass* provide no support for Williams's § 924 arguments. Williams was accused of "possessing" a firearm under § 924 not of "using" a firearm under § 924. Williams does not contest that after *Bailey*, § 924 was amended, criminalizing the "possession" of a firearm in furtherance of a drug-trafficking crime. *See United States v. Ceballos-Torres*, 218 F.3d 409 (5th Cir.) *amended on other grounds*, 226 F.3d 651 (5th Cir. 2000). Williams does not contest the Factual Resume, in which he admits he possessed the firearm in furtherance of a drug-trafficking crime. *Willaims*, No. 7:09-CR-036-O-KA (Doc. 11 – Factual Resume, pp. 1, 5). Williams's arguments that the government failed to show an "active employment" of the firearm, vitiating the court's subject matter jurisdiction, are baseless. And Williams's argument that his counsel was deficient for failing to raise such argument is meritless. Further, Williams can show no prejudice from his counsel's failure to do a frivolous

thing. *Kayode*, 777 F.3d at 723; *Sones v. Hargett*, 61 F.3d 410, 415 n.5 (5th Cir. 1995) ("Counsel cannot be deficient for failing to press a frivolous point."). This court cannot find that Williams suffered from ineffective assistance of counsel as he alleged in grounds one and three of the instant motion.

## Enhanced Sentence

Williams's final ground for relief concerns his sentence. He claims the court lacked jurisdiction to impose the enhanced sentence he received under 21 U.S.C. § 841(b), because the government did not file an information prior to the sentence, as required by 21 U.S.C. § 851(a)(1). Williams asserts his counsel's failure to raise this argument amounted to deficient representation.

The government represents that Williams's sentence was not enhanced under the drug recidivist provision of § 851; instead, Williams's total offense level and advisory guideless range was enhanced under the career-offender provision, United States Sentencing Guidelines (USSG) § 4B1.1. Def.'s Br. 12. In response, Williams does not contest the government's assertions. Instead, he flatly claims the Supreme Court declared the USSG unconstitutional in *United States v. Booker*, 543 U.S. 220 (2005). (Doc. 10, p. 8).

Williams misunderstands *Booker*. *Booker* does not stand for the proposition that the USSG are unconstitutional. *Booker* stands for the proposition that a portion of the former Federal Sentencing Guidelines making them mandatory was unconstitutional. *Booker*, 543 U.S. 220, 245 (2005). *Booker* made the guidelines "effectively advisory." *Id.* The District Judge in Williams's case recognized this fact, explicitly incorporating it into his sentence. *See Williams*, No. 7:09-CR-036-O-KA (Doc. 26 – Final Judgment) ("The sentence is imposed pursuant to Title 18, United States Code § 3553(a), taking the guidelines issued by the United States Sentencing

Commission pursuant to Title 28, United States Code § 994(a)(1), *as advisory only*." (emphasis added).

Williams claims that in his case the guidelines were wrongfully treated as mandatory, but he supports this conclusory allegation with neither evidence nor authority. (Doc. 10, p. 8). "Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition . . ., unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value." *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983). The argument that *Booker* renders all USSG unconstitutional would have been frivolous for Williams's counsel to raise. This court cannot conclude failure to do so amounts to ineffective assistance.

## CONCLUSION

In sum, Williams's four grounds for relief under § 2255 are baseless. His counsel's failure to pursue these grounds did not amount to ineffective assistance.

For the foregoing reasons, it is therefore **RECOMMENDED** that the instant Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 be **DENIED**.

**IT IS ORDERED** that this case is **TRANSFERRED** back to the docket of the United States district judge.

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed

determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

**SO ORDERED.**

Dated this 24th day of July, 2015.

_____
**E. SCOTT FROST**
**UNITED STATES MAGISTRATE JUDGE**